# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BANCO POPULAR de PUERTO RICO, | |
| Plaintiff, | 3:09-cv-128 |
| v. | |
| EAST END ASSOCIATES LIMITED PARTNERSHIP, ELIZABETH A. HAMPTON, DANIEL J. HAMPTON, and MORNING MARKET ENTERPRISE, INC., f/k/a MARINA MARKET, INC., f/k/a POOR BOY I, | |
| Defendants. | |

TO: Erik E. Woodbury, Esq.

## ORDER

THIS MATTER is before the Court upon Plaintiff's Motion For Extension of Time Within Which to Effectuate Service by Publication and Renewed Motion For Entry of Default (Docket No. 13).

Plaintiff filed this action on September 10, 2009. Under Rule 4(m)[1] of the Federal Rules of Civil Procedure, service of Defendants must have been completed within 120 days, that is, by January 8, 2010, the matter is subject to dismissal. On that very date, Plaintiff filed a Motion to Allow Service by Publication and For Extension of Time Within Which to Effectuate Service (Docket No. 9). The Court granted that motion, allowing service upon Defendants East End Associates Limited Partnership, Elizabeth A. Hampton, and Daniel J. Hampton to be made by publication and by mailing copies of the summons and complaint to said Defendants by certified mail and extending the time for service by ninety (90) days. Order (Docket No. 10),[2] entered January 19, 2010. Thus, Plaintiff had until April 8, 2010, to comply with the Court's Order.

Subsequently, on May 20, 2010, Plaintiff filed a Motion For Entry of Default (Docket No. 11), stating that it had published a copy of the summons as directed and that it was

---

1. Fed. R. Civ. P. 4(m) provides:

   > If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

2. The Court notes that the Order is an exact duplicate of the one proposed by Plaintiff filed as Attachment #2 with the said motion (Docket No. 9).

entitled to entry of default against Defendants Elizabeth A. Hampton and Daniel J. Hampton. The Court denied that motion, however, citing Plaintiff's failure to provide any proof of service by certified mail, as required by the previous order of the Court. *See* Order (Docket No. 12), entered July 8, 2010.

By its current motion, Plaintiff seeks to extend the time for service, as it did not serve Defendants Elizabeth A. Hampton and Daniel J. Hampton by certified mail, as ordered, until May 26, 2010,[3] and did not complete service by publication with respect to Defendant East End Associates Limited Partnership until June 16, 2010,[4] well after the April 8, 2010, deadline.

Fed. R. Civ. P. 4(m) states that " if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . . " *Id*. When determining "good cause," courts have considered three factors: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)(citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del.1988)). Moreover, the United States Court of Appeals for the Third

---

3. *See* Exhibit 2, filed as Attachment #4 with said Motion (Docket No. 13).

4. *See* Exhibit 3, filed as Attachment #5 with said Motion (Docket No. 13).

Circuit has stated, "We have equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecomm. Corp.*, 71 F.3d at 1097 (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part) (footnote omitted).

The Court finds Plaintiff's efforts to serve within the time allowed severely lacking. The record is sparse regarding the good faith efforts of Plaintiff to locate and serve Defendants personally, and there is even less evidence that service by publication was an effective means of providing notice. Although the prejudice to Defendants may be minimal and Plaintiff has moved for an extension, the Court is unable to find that Plaintiff's failure to serve within the time allowed rises to the level of "excusable neglect."

In the matter at bar, Plaintiff has articulated no reasonable basis for its noncompliance with the order of January 19, 2010. The Court finds that Plaintiff's claim of on-going settlement negotiations with Defendant East End Limited Partnership does not excuse its failure to comply with the Court's January 19, 2010, order, particularly since Plaintiff acknowledges that "these settlement discussions notwithstanding" service by publication was timely made upon Defendants Elizabeth A. Hampton and Daniel J.

Hampton. Motion at 3. Moreover, Plaintiff offers no explanation for its failure to serve the Hampton Defendants by certified mail by April 8, 2010, nor has it provided any proof that it ever served Defendant East End Associates Limited Partnership by certified mail; a requirement that Plaintiff itself crafted when it drafted the proposed order. Consequently, the Court finds that Plaintiff has failed to establish "good cause" to extend the time within which to effectuate service of process upon Defendants East End Associates Limited Partnership, Elizabeth A. Hampton, and Daniel J. Hampton and, therefore, is not entitled to entry of default against said Defendants.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion For Extension of Time Within Which to Effectuate Service by Publication and Renewed Motion For Entry of Default (Docket No. 13) is **DENIED**.

ENTER:

Dated: September 24, 2010    /s/ George W. Cannon, Jr.
                             GEORGE W. CANNON, JR.
                             U.S. MAGISTRATE JUDGE